**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SONJA MILLER ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-11** |
| **NEWREZ, LLC** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 8). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Sonja and Kyle Miller filed this action in the 29th Judicial District Court of St. Charles Parish against Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing arising out of the servicing of their mortgage loan. Plaintiffs contend that their home was damaged in Hurricane Ida on August 29, 2021. Plaintiffs allege that they received two checks from their home insurer for the damage to their home in the amounts of $23,011.00 and $29,302.34, which they forwarded to Defendant. According to Plaintiffs, Defendant contends that additional information is needed in order to release the proceeds to Plaintiffs and has been holding the amounts for almost a year.

Plaintiffs seek declaratory and injunctive relief requiring release of the funds, as well as damages.

Defendant removed this matter to this Court based on its diversity jurisdiction. Plaintiffs have moved to remand, arguing that the amount in controversy is not met. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a state court civil action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3]

## LAW AND ANALYSIS

Defendant has invoked this Court's subject matter jurisdiction on the basis of diversity. Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[4] Here, the parties do not dispute that complete diversity exists; however, they dispute whether the amount in controversy requirement of $75,000 has been met. Specifically, Defendant argues that the amount in controversy is facially apparent from Plaintiffs'

[1] 28 U.S.C. § 1441.

[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[3] *Manguno*, 276 F.3d at 723.

[4] 28 U.S.C. § 1332(a).

petition, while Plaintiffs argue that the amount in controversy is limited to one check in the amount of $29,302.34.

"Generally, the amount of damages sought in [a plaintiff's state court] petition constitutes the amount in controversy, so long as the pleading was made in good faith."[5] "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75,000]."[6] The removing defendant may meet this burden either by (1) "demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[7] Once the removing defendant meets this burden by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount."[8]

Here, Plaintiffs' petition does not seek a specific sum of damages.[9] However, the petition specifically alleges damages of "more than $29,000" for damage to Plaintiffs' property, mental pain and suffering, inconvenience, loss of enjoyment of life, and attorney's fees. The Court finds the petition

---

[5] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014).

[6] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)) (internal quotations omitted).

[7] Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen*, 63 F.3d at 1335) (emphasis omitted).

[8] Fairchild v. State Farm Mut. Auto. Ins. Co., 907 F. Supp. 969, 970 (M.D. La. 1995).

[9] Louisiana law typically prohibits plaintiffs from pleading specific amounts of damages. *See id.* (citing LA. CODE CIV. PROC. Art. 893(A)(1)).

ambiguous as to whether Plaintiffs are claiming that Defendant has not released the amount of both checks, totaling $52,313, or the amount of just one check, totaling approximately $29,000. Defendant points out that the petition also alleges that the roof of Plaintiffs' home remains unrepaired, causing "mildew and rot" to continue to spread; however, there is no indication of the extent of the "mildew and rot" in the home. Because the petition is ambiguous as to the amount Plaintiffs seek and does not describe the ongoing damage to the home, this Court cannot say that it is "facially apparent" from the petition that the amount in controversy exceeds $75,000.

Having found that the amount in controversy is not facially apparent, the Court looks to whether Defendant has set forth facts that support a finding of that amount. To carry its burden, Defendant submits Plaintiffs' appraisal of the damage to their home in the amount of $128,653.21.23. However, this amount is irrelevant to Plaintiffs' claims against Defendant. Plaintiffs allege only that Defendant has failed to relinquish some part of the amount paid to them by their insurer for the repairs to their home. Defendant does not present any evidence proving that amount. Accordingly, Defendant has not carried its burden to prove the amount in controversy to establish diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and this matter is **REMANDED** to the 29th Judicial District Court of St. Charles Parish.

New Orleans, Louisiana this 31st day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**